United States District Court

District of Connecticut

FILED
2003 DEC 11 P 1:05

James McKinnon  Case 3:03CV944(RNC)(DFM)
100770
Plaintiff
                          December, 4, 2003

V.

Yvonne Colette; Et al
Pamela Shea
Ceryl Schwink
Pauline Husband
Nita Donavan
Jim Taylor
Hannah
Defendants' Individual Capacity

Plaintiff Respectfully First Amended Compliant plaintiff attached motion To Amend Complaint To add Federal Rule 28, C.F.R. § 35.190 an ADA claim, Also To Amendment Short & Concise Statement of material facts Federal Rule 15(a)(b)

By James McKinnon
James McKinnon prose
900 Highland Avenue
Cheshire CT 06410

1. plaintiff James McKinnon prose request that under this short concise statment be amended to the material facts that was respectfully submitted with the forth going Amended Compliant information.

2. plaintiff is a disabled prisoner and have right under the Americans with disabilities Act of 1990 (ADA). please see; 42 U.S.C. § 12101 et seq.

3. which provides that as of January 1992 "no Qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services programs, or activities of a public entity or be subjected to discrimination by any such entity, please see; 42 U.S.C. § 12132.

4. These public entity provisions are often refered to as Titl (2) of the ADA There are also employment discrimination provisions referred to as Title (1). please see; 42.U.S.C. § 12112.

5. Previously this ban on discrimination against the disabled applied only to federally funded agencies under Section 504 of the Rehabilitation Act of 1973; please see; that statute provides "no otherwise qualified individual shall solely by reason of his handicap be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity-

James McKinnon
James McKinnon prose
900 Highland Avenue
Cheshire CT 06410

- receiving Federal assistance or under any program or activity conducted by any Executive agency." 29 U.S.C. § 794. Congress has made it clear that any govenmental department or agency receiving federal money is subject to the Rehabilitation Act in all it's operations, even if the particular program in dispute does not receive such funds. please see, Schroeder v. City of Chicago, 927 F.2d 957, 962 (7th Cir. 1991).

6. A "public entity" is defined in the ADA as including "any State or local government "or any department agency special purpose district, or other instrumentality of a State or State or local government, please see; 42 U.S.C. § 12131 (1)(A,B) (emphasis supplied).

7. This definition clearly includes correction departments and other agencies that operate prisons and jails, please see; Clarkson v. Coughlin, 145 F.R.D. 339, 348 S.D.N.Y. 1993) permitting prisoners to amend complaint to add an ADA claim). The federal regulations issued under the ADA acknowledge this point by identifying the Department of Justice as the agency that is to implement compliance procedure concerning state and local correctional facilities. 28 C.F.R. § 35.190. There is no dispute that the Rehabilitation Act applies to prisons, please see; Harris v. Thigpen 941 F.2d 1495, 1521-22 (11th Cir 1991) 773. F. Supp at 1370-72.

By x /s/ James McKinnon
James McKinnon pro se
900 Highland Avenue
Cheshire CT 06410

8. Some courts have suggested that if a particular prison is unable to provide the necessary care, the prisoner must be moved to a facility that can provide it; please see; Payne v. Lynagh, 843 F.2d 177, 178-79 (5th Cir. 1988, Yarbaugh v. Roach, 736 F. Supp at 320 n. 7; Villa Franzen 511 F. Supp 231, 233-34 (n.D. Ill. 1981.

9. It is not unlawful to send a seriously disabled person to prison as long as proper care is supplied; please see; people v. Superior Court (Beasley) 159 Cal. App. 3d 131, 205 Cal. Rptr. 413, 416 (Cal. App. 1984) Commissioner v. Coburn, 336 Pa. Super. 203, 485 A.2d 502 505 (Pa. Super. 1984).

10. For the plaintiff to take advantage of ADA means plaintiff has a physical mental impairment that substantially limits one more of the major life activities of an individual, Being regarded as having such an impairment, please see; 42 U.S.C. § 12102(2).

11. This definition is comparable to the definition of handicap under the Rehabilitation Act, please see; 29, U.S.C. § 706 (7)(B)

By x James McKinnon
James McKinnon pro se
900 Highland Avenue
Cheshire CT 06410

12. The Rehabilitation Act case law on this point will be very relevant in ADA case; under the Rehabilitation Act, people with infectious diseases are considered handicapped; plaintiff has a infectious diseases! Hepatitis "C" a inflammation of the liver. please see; School Bd of Nassau County v. Arline 480 U.S. 273, 282-86, 107 S.Ct. 1123 (1987).

13. This category includes inmates infected with the (Human immunodeficiency virus) also (AIDS). plaintiff has H-I-V-, please see; Harris v. Thigpen 941 F.2d at 1522-24 Casey v. Lewis 773 F.Supp. at 1370-72.

14. Congress intended the ADA to cover such persons as well, please see; S. Rep. No 116, 101 st Cong 2d Sess pt. 3.28(1990) cited in Burgdorf the Americans with disabilities Act: Analysis and Implications of a Second Generation Civil rights statute 26, Harvard Civil Right- Civil Liberties Law Review 413, 447 n. 175 1991.)

15. include conducting self evaluation of their compliance and adopting a procedure of handling complaints; please see; 28, C.F.R. §§ 35.105, 35 107.

By /s/ James McKinnon
James McKinnon pro se
900 Highland Avenue
Cheshire CT 06410

## Certificate

James McKinnon   case no, 3:03cv944(RNC)(DFM)
   100770
   Plaintiff

V.

Yvonne Colette; Etal

Plaintiff above certifces through this attachment that this claim to be true and to the best of my ability on this 4 day December '2003

Byy  *James Lee McKinnon*
James Lee McKinnon Prose
900 Highland Avenue
Cheshire CT 06410