United States District Court
District of Connecticut

FILED
2004 JAN 21 P 4:17
US DISTRICT...

James McKinnon      Case: 3:03CV944(RNC)(DFM)
100 770
Plaintiff

V.                      January 17, 2003

Yvonne Colette, et al
"And Others"
Defendant    Individual Capacity


Plaintiff Motion For Emergency
Doe v. Meachum Serious medical
Care that's not provided from prison
officials. Suffering without Treat-
ment. Conn. Gen. Stat. § 19a-103 (1997).

1. Plaintiff James McKinnon pro, se respectfully moves this court for immediate relief in the form of an injunnction, barring Connecticut Department of Correction medical from further causing harm, now pain to the Plaintiff health for 30 day's I have reported that my infectious diseae specialist Doctor James O'Halloran has a order for, basis soap and petroleum a one pound jar, it's to stop the skin from chapped and open sore's on my face, it's coming off at this time, also was stop a diabetic food bag to take with—

By: James Lee McKinnon
James Lee McKinnon prose
Walker Reception unit
1153-East Street South
Suffield Connecticut
06078

(1)

-my medication because I also have hepatits "C" a liver disease, Also plaintiff medication's for (Human immunodeficiency Virus) is smash into dust fine particles, with my menatal health medication's and it has stop working!

I have something that's growth on my Back like chickenpox it's not that and I'm having sharp pain's in my Back on the side it's sharp pitch's, I ask the nurse Al pm 8:00 for help he was with officer Smith, his answer was your not having a hart attack you'd be dead by now.

I was move to Walker Receptional 1153-East Street South Suffield Connecticut, from cheshire Correctional December 2, 2003 This place has stop my medications befor I could have a doctor's appointment,

I was on this medications for three year's.

By: *James Lee McKinnon*
James Lee McKinnon prose
Walker Reception unit
1153, East Street South
Suffield Connecticut
06078

# Memorandum Support plaintiff
## Exhibits

1. Plaintiff sent medication's To Deputy Commissoner Tokarz for help with Something To Take with this medications Exhibit "1", he has retired from active duty.

2. Plaintiff sent a letter To this program director when I was in cheshire Correctional for help Exhibit "2".

3. Plaintiff sent this inmate grievance To mr. Richard G, furlly he is Health Services program Director in this place! IT has no IGP no. I then sent a copy for a number iT has not Came Exhibit "3"

4. plaintiff Sent this grievance To a nurse that stop my Doctor James O'Halloran ordered of food for medication at night, because we have last diner at 5:pm and medication come at 8:pm that's not good on plaintiff liver disea, that the state will not pay for medication. Exhibit "4"

5. plaintiff sent Level 'B' grievance iT has not came Back, plaintiff need help! please Exibit "5"

By x /s/ James McKinnon
James McKinnon pro se
walker Reception unit
1153-East Street South
Suffield CT 06078

(3)

*Exhibit ("1") James McKin[non]*
*make a copy and send back please*



# STATE OF CONNECTICUT
## *DEPARTMENT OF CORRECTION*
### 24 WOLCOTT HILL ROAD
### WETHERSFIELD, CONNECTICUT 06109

*Support for you*

June 19, 2003

Cheshire CI
James McKinnon #100770
900 Highland Avenue
Cheshire, CT 06410

Dear Mr. McKinnon:

Your correspondences to Deputy Commissioner Tokarz were referred to my office for review and response.

The issue you raised regarding the need to take food with your prescribed medication had been addressed with Maurice Cooper, Nursing Supervisor. Mr. Cooper reports that he sees you regularly and that your medical needs are being addressed.

As far as loss of telephone sanctions from Garner, all sanctions are reviewed upon completion of the IMHU program according to Warden Gomez. Recommendations for removal of sanctions are discussed between Dr. Bogdanoff and the Unit Manager prior to review by the Warden. The actual sanctions are determined by the Disciplinary Hearing Officer and meted out according to the Code of Penal Discipline.

I have consulted with Warden Dzurenda regarding your loss of telephone privileges from the above. Warden Dzurenda is willing to waive the remainder of the sanctions based on your having been through IMHU. I did notice that you have picked up 2 DR's since you've been at Cheshire CI and Warden Dzurenda reports that custody officers have given you the benefit of the doubt around some of your behavior. I would encourage you to use mental health resources to help address concerns or at least consider how your style elicits responses from others that negatively impact you.

I look forward to seeing you again when I tour Cheshire CI.

Sincerely,

Daniel Bannish, Psy.D.
Correctional Health Services Program Director

rm
cc:
Mary Johnson, Director of Programs & Treatment
Inmate Health Record, Cheshire CI
file

*U.S. Court File office of Deputy Clerk Mary E. Larsen*

*An Equal Opportunity Employer*


(4)

*Exhibit 2* *James McKinnon*



# STATE OF CONNECTICUT
## *DEPARTMENT OF CORRECTION*
### 24 WOLCOTT HILL ROAD
### WETHERSFIELD, CONNECTICUT 06109

July 21, 2003

Cheshire CI
James McKinnon #100770
900 Highland Avenue
Cheshire, CT 06410

Dear Mr. McKinnon:

I received your correspondence regarding discontinuation of your basis soap and petroleum. I contacted CHN Roland to investigate the matter. He reported that Dr. O'Halloran ordered the soap and petroleum on July 2, 2003. The original order was discontinued on February 8, 2003. I assume this will address the dry skin problem you described.

I still plan to contact you when I tour Cheshire CI.

Sincerely,

Daniel Bannish, Psy.D.
Correctional Health Services Program Director

rm
cc:
Inmate Health Record, Cheshire CI
file

*An Equal Opportunity Employer*

U.S. Court File office of Deputy clerk Mary E. Larsen

(5)

Exhibit "(3)"
James McKinnon



# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9601 A
Rev. 1/8/02

**Inmate Name:** James McKinnon
**Inmate no.:** 100770
**Facility:** Walker Reception
**Housing unit:** B-Unit-13
**Date:** 12-10-03

☐ Line grievance  ☐ Line emergency  ☐ Health grievance  ☒ Health emergency

**1. Informal resolution.** Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

This is a Doe v. Meachum violation for a nurse to stop intentionally interfering with the treatment once prescribed medication, please see; Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) Footnotes omitted.

**2. Nature of grievance.** Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8 ½ by 11 inch sheet of paper and attach it to this form.)

Mr. Richard G Furlly Health Services program Director. This is regarding a nurse miss, Rutanna, and she came to my cell with the bag of food for my medication she said no and gave me the milk out the bag her report was this is not for you! Also she came I ask for my saap that she gave me but not my petrolatum for my skin protection due to my condition my skin is coming of my face it was reorder the sameday, it the problem with the

**3. Action requested.** Describe what action you want taken to remedy the grievance.

I'd like my suffering to stop, unnecessay problem because of that nurse I hae open sore in my face.

I thank you again Mr Furlly! and Have a Bless day

**Inmate signature:** James Lee McKinnon

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

### FOR OFFICIAL USE ONLY – LEVEL 1 REVIEW

**IGP no.:**
**T no.:**
**Date received:** 12-15-03
**Disposition:** R
**Date of disposition:** 12-15-03
**Grievance issue:** Did not receive all prescriptions
**Reasons:** This does not constitute a health emergency However I will look into this issue further

**Level 1 reviewer:** Richard

(6)

Exhibit "7"   James McKinnon



# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9601/1  
Rev. 10/07/02

| Inmate Name | James McKinnon | | Inmate no. 100770 |
|---|---|---|---|
| Facility | Walker | Housing unit B-13 | Date 12-7-03 |

☐ Line grievance   ☐ Line emergency   ☐ Health grievance   ☒ Health emergency

**1. Informal resolution.** Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

**2. Nature of grievance.** Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8 ½ by 11 inch sheet of paper and attach it to this form.) I'd like to know how come nurse AJ stop my bag with my medication, it was just reviewed by a Health Director at 24, Wolcott Hill Road for 3 month's and He and the nurse RuTanna said it's D/C, I'm despised because it's explain as rules from a Doctor! That unfortunately the nurse's opinion don't stop my Doctor decisions

**3. Action requested.** Describe what action you want taken to remedy the grievance. I'd like my doctor's decision's to continue. That cannot stop by a nurse

Inmate signature: James McKinnon

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

### FOR OFFICIAL USE ONLY – LEVEL 1 REVIEW

| IGP no. 114-004-0104 | T no. | |
|---|---|---|
| Date received 12/31/03 | Disposition Compromise | Date of disposition 1/2/04 |
| Grievance issue | medication | |

Reasons: medication given as ordered. Your snack order was changed by MD to milk at nighttime.

Level 1 reviewer: Kathy Wiener CHWS

(7)

# Inmate Grievance Form B, Levels 2 and 3
## Connecticut Department of Correction

CN 9601B
7-1-98

Inmate name: James McKinnon
Inmate no. 100770
Facility: Walke
Housing unit: B-1-43
Date: 1-5-04

☐ Line grievance  ☐ Line emergency  ☐ Health grievance  ☒ Health emergency

IGP no. 114-004-0107
T no.

Use this form to appeal a Level-1 decision. Grievance Form A (for Level 1) and any attachments must accompany this form; no review will be undertaken if they do not accompany this form. Your appeal must be filed within 5 days of the Level-1 response; deposit it in the box for inmate grievances.

James O'Hallorn is my Doctor and not you are a nurse Deliberate-Indifference

Appeal. I am appealing the Level-1 decision because it forbidden for you to stop my Treatment that's available from a specialist from 4 years of services that you stop in one day. my one pound of petrolem and my bag you stop the diabetic food is for my liver with medication

Inmate signature: James McKinnon
Date: 1-5-04

### FOR OFFICIAL USE ONLY. LEVEL 2 REVIEW

Date received | Disposition | Date of disposition

Reasons

Level-2 reviewer

☐ This grievance may be appealed within 5 days to Level 3
☐ This grievance may not be appealed to Level 3 (see A.D. 9.6, Sect. 17)

Appeal. I am appealing the Level-2 decision because

Inmate signature | Date

Deposit your appeal in the box for inmate grievances.

### FOR OFFICIAL USE ONLY. LEVEL 3 REVIEW

Date received | Disposition | Date of disposition

Reasons

Level-3 reviewer

(8)

Support Doe v. Meachum

please help me I don't no will I make it from me sharp pains in my Back, By the Time the court receive my plea for a Emergency help in the Form of an injunnction Barring Connecticut Department of Correction medical From Further Causing pain To the PlainTiff

<u>Byx James Lee McKinnon</u>
James Lee McKinnon prose
walker Reception unit
1153-East Street South
Suffield CT 06078

Department of Correction
miss, Pat-Ottolini
This is the Director of Health Services 24, Wolcott Hill Road
Wethersfield Connecticut 06109

860 692-7651

Barbara LaFrance nurse in medical in walker Reception that's killing me!

By: James Lee McKinnon
James Lee McKinnon pro se
Walker Reception unit
1153-East Street South
Suffield CT, 06078

Plaintiff certifces this claim to be true and to the best of my ability on this 17 Day of ~~De~~ January 2004

(10)

# Memorandum of Law Support

1. In order to provide adequate medical care, prison officials must have an adequate system for identifying prisoners with medical needs and making sure that they are diagnosed and treated. Systemic deficiencies in staffing facilities procedures make unnecessary suffering constitute deliberate indifference; please see; Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991); DeGidio v. Pung, 920 F.2d 525, 529 (8th Cir. 1990)(lack of adequate organization and control in the administration of health services "supported finding of Eighth Amendment violation) Newman v. Alabama, 503 F.2d 1320, 1331 (5th Cir 1974) disorganized lines of therapeutic responsibility "contributed to an Eighth Amendment violation); Tillery v. Owens, 719 F. Supp. 1256, 1305-06 (W.D.Pa. 1989)(lack of proper administration of medical services and general disorganization of nursing services contributed to a Eighth Amendment violation). aff'd, 907 F.2d 418 (3d Cir. 1990) Inmates of Occoquan v. Barry, 717 F. Supp. 854, 867 (D.D.C. 1989)(lack of follow up system for treating chronic diseases cited as part of an Eighth Amendment violation); Lightfoot v. Walker, 486 F. Supp. 504, 522-24 (S.D. Ill. 1980) organization and administration of health care generally found inadequate)

2. Prisoners in isolated confinement must be able to communicate their medical needs to staff. Please see; Todaro v. Ward, 565 F.2d 48, 51-52 (2d Cir. 1977)(infirmary patients in isolation rooms must be provided a way to summon nurses); ~~tem~~.

By: *James Lee McKinnon*
James Lee McKinnon prose
Walker, Reception Unit
1153-East Street South
Suffield Connecticut
06078

(11)

# Memorandum of Law Support

3. Sick call must be conducted in a fashion permits prisoners to be evaluated in a professionl manner. please see; Hoptowit V. Ray, 682 F.2d at 1252-53 (9th Cir. 1982)(evaluation of medical care complaints via "written" kites rather than examination of the patient- was inadequate) Todaro V. Ward, 565 F.2d at 50-51) (nurse Screening procedure that allowed 15-20 Seconds per prisoner, did not permit physical examination, and assigned priorities based on "cryptic" written notes was inadequate)

4. Correctional personnel without medical training may be used to Convey sick call requests, please see; Miller V. Carson, 401 F. Supp. 835, 898 (M.D. Fla. 1975), aff'd in pertinent part, 563 F.2d 741 (5th Cir.)

5. but they cannot be allowed to decide which prisoners will receive medical attention, please see; Fields v. City of South Houston, Texas, 922 F.2d 1183, 1192 n. 10 (5th Cir. 1991); Mitchell V. Aluisi, 872 F.2d 577, 581 (4th Cir. 1989) (allegation of medical screening by untrained lay personnel supported a claim of deliberate indifference) Kelley v. McGinnis, 899 F.2d 612, 616 (7th Cir. 1990)(allegation that non-medical personnel initially denied access to a doctor stated a deliberate indifference claim); Boswell V. Sherburne County 849 F.2d 1117, 1123 (10th Cir 1988)(deliberate indifference claim was supported by evidence that inadequately trained jailers were directed to use "their own judgment about the seriousness of prisoners medical needs")

6. Prisons rarely provide the complete range of necessary medical services within their walls. If a prisoner requires care that is not available in the prison, the failure to obtain it elsewhere may constitute deliberate indifference, please see; Kaminsky V. Rosenblum, 929 F.2d 922, 927 (2d Cir. 1991) Failure to act on recommendation of immediate hospitalization); Miltier V. Beorn, 896 F.2d 848, 853 (4th Cir. 1990)(Failure to act on a recommendation for transfer to a cardiology unit)

By: James Lee McKinnon
James Lee McKinnon pro se
Walker Reception Unit
1153-East Street South
Suffield CT 06078

(12)

# Memorandum of Law Support

7. Prison officials must provide adequate facilities and equipment for necessary medical care, please see; Harris V. Thigpen 941 F.2d 1995, 1509 (11th Cir. 1991); Langley V. Coughlin 888 F.2d 252, 254 (2d Cir 1989).

8. The Constitution may be violated by dilapidated dangerous unsanitary physical conditions, please see; newman V. Alabama 503 F.2d 1320, 1331 (5th Cir 1974) Williams V. Edwards 547 F.2d 1217-18 (5th Cir. 1977) Lightfoot V. Walker, 486 F. Supp. 504, 512, 524 (S.D. III. 1980).

9. However, HIV-infected prisoners are handicapped within the meaning of the Federal Rehabilitation Act and the Americans with Disabilities Act, and under those statutes they may not be excluded from programs for which they are otherwise qualified, please see; moore V. mabus, 976 F.2d 268, 271 (5th Cir. 1992) Harris V. Thigpen, 941 F.2d at 1504-09 Maynard V. new jersey, 719 F. Supp, 292 295-96 (D.N.J. 1989) (allegation that AIDS patent recieved only palliative treatment stated a constitutional claim).

10. Claims of inadequate medical care for HIV ifection are evaluated under the same deliberate indifference standard-as other medical care claims, please see; moore V. mabus, 976 F.2d 268, 271 (5th Cir. 1992) Harris V. Thigpen, 941 F. 2d at 1504-09 (Treatment of HIV-infected prisoners was not systemically inadequate) Maynard V. new jersey 719

By: /s/ James Lee McK____
James Lee McKinnon, unit
Walker Reception
1153 East Street South
Suffield CT 06078

(13)

# Memorandum of Law Support

11. Disabled prisoners have greater rights under the Americans with disabilities Act of 1990 (ADA). please see; 42 U.S.C. § 12101 et seq

12. which provides that as of January 1992 "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services programs or activities of a public entity or be subjected to discrimination by any such entity. please see; 42 U.S.C. § 12132

13. These public entity provisions are often referred to as Title (II) of the ADA. There are also employment discrimination provision referred to as Title 'I'. please see, 42 U.S.C. § 12112.

14. A 'public entity is defined in the ADA as including any State or local government or any department, agency special purpose district, or other instrumentality of a state or states or local government. please see; 42 U.S.C. § 12131(1)(A B) emphasis supplied.)

15. This definition clealy includes correction departments and other agencies that operate prisons and jail. please see. Clarkson v. Coughlin 145 F.R.D. 339.348.(S.D.N.Y. 1993) permitting prisoners to amed complaint to add a ADA claim)

By x James Lee McKinnon
James Lee McKinnon prose
Walker Reception unit
1153 East Street South
Suffield CT 06078

(14)

James McKinnon       case 3:03CV944 (RNC)(DFM)
100 770
Plaintiff

V.

Yvonne Colette, ETaL
Defendants

plaintiff above certifces through this attachmat that this claim to be true and to the best of my ability on this **17** Day of January 2004

*[signature: James Lee McKinnon]*

By: *[signature: James Lee McKinnon]*
James Lee McKinnon prose
Walker Reception unit
1153- East Street South
Suffield Connecticut
06078

(15)