UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES MCKINNON, | : |
| Plaintiff, | : |
| V. | : CASE NO. 3:03CV00944 (RNC) |
| YVONNE COLETTE, et al., | : |
| Defendants. | : |

RULING AND ORDER

James McKinnon, currently confined at the Walker Reception and Special Management Unit ("Walker") in Suffield, Connecticut, brings this civil rights action against employees of Cheshire Correctional Institution, where he was previously confined. Plaintiff has filed three motions for immediate relief, which the court construes as motions for preliminary injunctive relief. For the reasons stated below, all three motions are denied.

I.  Discussion

The first motion [Doc. #13] appears to seek an order that plaintiff be allowed to file an action against a person named "Negron." The second motion [Doc. #16] seeks a court order directing a Captain Burke to provide plaintiff with legal work. The third motion [Doc. #19] appears to seek an injunction requiring certain personnel at Walker to give him certain medication and food.

A court must have jurisdiction over a person before it can validly enter even a preliminary injunction against him. See Weitzman v. Stein, 897 F.2d 653, 658 (2d Cir. 1990). Because the

persons from whom plaintiff seeks relief are not defendants in this action, the court does not have jurisdiction over them, and cannot enter injunctions against them.

If plaintiff wishes to obtain injunctions against the persons named in these motions, he must bring a separate complaint against them. In order to obtain an injunction to receive medical care, plaintiff must allege that defendants inflicted cruel and unusual punishment on him in violation of the Eighth Amendment. The complaint must establish that plaintiff's medical condition is objectively serious, and that the defendants acted with deliberate indifference to his medical needs. Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003). To obtain a preliminary injunction, he will also have to show that he will suffer irreparable harm if not granted the injunction, and that his Eighth Amendment claim has either a substantial likelihood of success, or raises sufficiently serious questions going to the merits to make them fair ground for litigation. Random House, Inc. v. Rosetta Books LLC, 283 F.3d 490, 491 (2d Cir. 2002).

II. Conclusion

The plaintiff's motions [Docs. ## 13, 16, 19] are denied.

So ordered.

Dated at Hartford, Connecticut this 10th day of February 2004.

---

Robert N. Chatigny
United States District Judge

2