UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES MCKINNON | : | PRISONER |
| *Plaintiff,* | : | NO.3:03CV00944(RNC) |
| | : | |
| VS. | : | |
| | : | |
| YVONNE, ET AL. | : | |
| *Defendants.* | : | DECEMBER 6, 2004 |

## MOTION TO DISMISS AMENDED COMPLAINT

Pursuant to F.R.C.P. Rule 12(b), the defendants respectfully move to dismiss the plaintiff's amended complaint filed October 3, 2003. The *pro se* inmate plaintiff sues the defendants, Yvonne Collette, Pamela Shea, Cheryl Schwink, Pauline Husband, Nita Donavan, Jim Taylor and Amonda Hannah, all employed by the State of Connecticut Department of Correction, pursuant to Title 42 USC § 1983, apparently alleging that the defendants violated his rights under the Fourth and Eighth Amendments of the United States Constitution. It should be noted that it is difficult to ascertain exactly what it is the plaintiff is alleging, since he fails to set forth his allegations as separate causes of action, rather he appears to set forth his allegations where he is listing and describing the parties to the action. The plaintiff also fails to set forth any supporting facts, but rather relies on his attached exhibits. Thus, it appears that the plaintiff alleges that the defendants violated his aforementioned constitutional rights in four separate ways. First, the plaintiff appears to allege that on May 6, 2003, while the plaintiff was confined to Cheshire Correctional Institution, the plaintiff's medical records were delivered to the plaintiff without an envelope and without a confidential sticker by Correctional Officer Negron, who is

not a named defendant to this lawsuit, thereby violating the plaintiff's right to privacy under the Fourth Amendment to the United States Constitution.  Second, the plaintiff appears to allege that on July 17, 18 and 19 of 2003, while the plaintiff was confined to Cheshire Correctional Institution, Defendants Collette, Donovan and Taylor failed to provide the plaintiff with prescribed medications, thereby demonstrating deliberate indifference to the plaintiff's serious medical needs and thus violating the plaintiff's right against cruel and unusual punishment under the Eight Amendment to the United States Constitution.  Third, the plaintiff appears to allege that while the plaintiff was confined to Cheshire Correctional Institution, Defendant Husband failed to permit the plaintiff to be examined by a specialist, thereby demonstrating deliberate indifference to the plaintiff's serious medical needs and thus violating the plaintiff's right against cruel and unusual punishment under the Eighth Amendment to the United States Constitution.  Fourth, the plaintiff appears to allege that while the plaintiff was confined to Cheshire Correctional Institution, Correctional Treatment Officer James, who is not a named defendant to this lawsuit, opened one piece of the plaintiff's legal mail, thereby violating the plaintiff's right to privacy under the Fourth Amendment to the United States Constitution.  The plaintiff sues the defendants in their individual capacities.  The plaintiff appears to seek declaratory relief, such as a declaratory judgment stating that the defendants violated the plaintiff's constitutional rights by being "reckless and careless with the plaintiff's life."  The plaintiff also appears to seek compensatory, punitive and nominal damages.

The defendants contend that there is no legal merit to the plaintiff's apparent claims for the following reasons:

I.A.   The defendants are entitled to sovereign immunity.

I.B.   The defendants are entitled to statutory immunity.

II.   The defendants are entitled to qualified immunity.

III.   The plaintiff has failed to exhaust his administrative remedies.

IV.   The plaintiff has failed to state a claim for compensatory damages pursuant to the Prison Litigation Reform Act under 42 U.S.C. § 1997e(e), since the plaintiff did not allege a physical injury.

V.   The plaintiff has failed to allege sufficient personal involvement on the part of the Defendants Shea, Schwink, and Hannah with respect to his medical record claim.

VI.   The plaintiff has failed to state a claim for a violation of his right to privacy under the Fourth Amendment with respect to his medical record claim.

VII.   The plaintiff has failed to state a claim for deliberate indifference under the Eighth Amendment with respect to his claim for failure to provide prescription medication.

VIII.   The plaintiff has failed to state a claim for deliberate indifference under the Eighth Amendment with respect to his claim for denial of care by a specialist.

IX.   The plaintiff has failed to state a claim for a violation of his right to privacy under the Fourth Amendment with respect to his legal mail claim.

X. Any attempt by the plaintiff to hold Correctional Officer Negron and Correctional Treatment Officer James legally responsible regarding plaintiff's medical record claim and legal mail claim respectively are improper, as neither Negron nor James are named defendants to this law suit.

A memorandum of law in support of this motion is attached hereto.

>DEFENDANTS,
>Yvonne Collette, et al.
>
>RICHARD BLUMENTHAL
>ATTORNEY GENERAL
>
>
>BY: /s/_____
>Kathleen A. Keating
>Assistant Attorney General
>Federal Bar No. ct25247
>110 Sherman Street
>Hartford, CT  06105
>Telephone:  (860) 808-5450
>E-mail:  kathleen.keating@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid, this 6th day of December 2004, to:

James McKinnon, Inmate No. 100770
Corrigan-Radgowski Correctional Center
986 Norwich-New London Turnpike
Uncasville, CT  06382

>/s/_____
>Kathleen A. Keating
>Assistant Attorney General