United States District Court

District of Connecticut

DEC 17 2004

FILED

2005 JAN 12 A 9: 45

U.S. DISTRICT COURT
BRIDGEPORT. CONN

James McKinnon    Civil no  3:03cv944

V.                              (RNC) (DFM)

Yvonne Colette, ETAL
Pamela  Shea
Ceryl    Schwink           December 7, 2004
         Hannah
Pauline  Husband
nita     Donavan
Jim      Taylor

Defendant's    Individul  Capacity)

Plaintiff motion For Partial Summary
                 Judgment

Pursuant To rule 56&Fed.R.Civ.P. Plaintiff prose
James McKinnon request's This court To grant him
Summary judgment as To The liability of defend-
ants (Yvonne Colette) (Pamela Shea) (Ceryl Sch-
wink) (Hannah) (Pauline Husband) (nita Donavan)
(Jim Taylor) For damages For The denial To The
plaintiff of The due process of Law, The reasons
There for are set forth in The Plaintiff's affidav-
it and brief in support of The motion.

                         Plaintiff
              Byx James Lee McK___
                  James Lee McKinnon
                  corrigan Rodgowski
                  Correctional Center
                  986, norwich new London
                  Uncasville connecticut

United States District

Court

District of Connecticut

James McKinnon Case no. 3:03cv944

V                              (Rnc) (DFm)

Yvonne Colette; ETAL
Pamela Shea
Ceryl Schwink              December 7, 2004
       Hannah
Pauline Husband
Nita Donavan
Jim Taylor

Defendants   Individul Capacity

Plaintiff Motion Pursuant To F.R. Civil P. 56, E,
Summary Judgment from of Affidavits,
Further Testimony, Defense Required.

I James McKinnon The plaintiff prose pursunt To
F.R. Civil.P 56, E, For Summary Judgment against
The above defendants.

1. Supporting and opposing affidavits shall be
made on personal Knowledge, and shall Show
affirmatively That The affiant is Competent To
Testify To The matters stated There in.

2. Sworn or certified papers or parts There of
referred To in an affidavit shall be attached
There To or Served There with.

                              Plaintiff
                         Byx James Lee McKino
                         James Lee McKinnon

3. Sworn or certified copies of all paper or parts thereof referred to in an affidavit shall be attached thereto or served therewith the court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.

4. When a motion for Summary Judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

5. If the adverse party does not so respond, Summary Judgment, if appromate, shall be entered against the adverse party.

Plaintiff
By: James Lee McKinnon
James Lee McKinnon  prose
Corrigan Radgowski
Correctional Center
986, Norwich New London
Uncasville Connecticut
06382

# United States District Court

## District of Connecticut

James McKinnon    Civil no. 3:03cv944

    V.    (Rnc) (DFm)

Yvonne ColeTTe; ETAL
Pamela Shea
Ceryl Schwink    December 7, 2004
    Hannah
Pauline Husband
niTa Donavan
Jim Taylor

Defendant's    Individul Capacity

## Plaintiff motion For Summary judgment

I. James mckinnon The plaintiff prose pursuant To F.R. Civil. P 56 (a),(b),(c),(d), For Summary judgment against The above defendants.

1. PlainTiff have Filed 1983 civil right law suit against The defendants. plaintiff contend ThaT The FacTs are so over wheming in SupporT oF The allegaTions which he Forwarded in The inTeresT oF JusTice and expedience and The FacT ThaT TheplainTiff is more likely To prosper.

           PlainTiff
      Byx James Lee McKinnon
      James lee mcKinnon prose
      corrigan Rodgowski
      CorrecTional CenTer
      986, norwich new London
      Uncasville CT, 06382

## Certification

I hereby certify That a copy of The

Foregoing was mailed To The defendants

attorney of record This 29Th Day of December

2004.

Defendants Individul Capacity

Yvonne ColeTTe ETAL
Pamela Shea
Ceryl Schwink
        Hannah
Pauline Husband
niTa Donavan
Jim Taylor

Kathleen A. KeaTing
AssisTant ATTorney general
110, Sherman STreeT
HarTford ConnecTicuT
        06105

PlainTiff
Byx James Lee Mck
James Lee mcKinnon prose
Corrigan Rodgowski
CorreTional Center
986, Norwich NewLondon
Uncasville ConnecTicuT
        06382

6. Defendant Yvonne Colette is a citizen of United States whose address is Cheshire Correctional 900' Highland Avenue Cheshire Connecticut, 06410

And who is employed as nurse in medical unit.

At The Time The claims alleged in This complaint arose was defendant acting under color of State Law? yes plaintiff briefly explains.

7. On February 25, 2003 I James McKinnon was Transferred From garner Correctional To The Cheshire Correctional, At That Time nurse Yvonne Colette said To me in medical you're in a big boy jail and The basis soap with Petrolatum will stop because cheshire don't provide That.

8. At my last appointment July 2, 2003 with my infectious disease specialist James O'Hallorn in my medical File it was down as discontinue for The basis Soap and Petrolatum and This doctor said To me That's not my handwriting.

9. When I came To cheshire February 25, 2003 nurse Yvonn Colette discontinue my doctor order That was reorder in garner Correctional on November 21, 2002, and was To stop may 19, 2003 The basis Soap and Petrolewm may 19, 2003.

On a appointment march 12, 2003 with doctor James O'Hallorn he said it was not To stop.

Again This doctor had To reorder it beFar it ran out on July 2, 2004 because of This defendant.

Plaintiff
Byv James Lee McKen
James Lee McKinnon prose

# Claims For Relief

10. It was physical pain because The petrolatum and basis soap is To prevent my dry skin From becoming a chapped open sore on my Face. my Skin came of with pain From This deprivation.

11. Also personal humiliation and mental anguish emotional distress From The absence of proper procedures.

    because of This complaint I also received my medical papers From my File That was Confidential with my exhaustion of administrative remedy That was not in a Envelope. Doe v. meachum information

## Memorandum of Law in Support of Summary Judgment 56,(E,)

12. Prison officials who are not doctors act with deliberate indiff Toward an inmate's serious medical needs by intentionally denying or delaying access To medical care or intentionally interfering with The Treatment once prescribed.

please see; Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (Footnotes omitted).

Prison officials can be said To have denied a prisoner access To medical care if They ignore his or her calls For medication or for medical appointments on repealed occasions.

please see; Williams V. Vincent, 508 F.2d 541, 544-45 (2d Cir. 1974).

Plaintiff

James L. McKinnon
James mckinnon

A. Parties Continue

Defendant Yvonne Colette.

## Memorandum of Law in Support
## of Summary Judgment 56 (E)

13. Prison officials also act with deliberate indifference if They deliberately defy The express instructions of a prisoner's doctor.

please see, Gill. v. Mooney, 824 F.2d 192, 196 (2d Cir. 1987).

Deliberate indifference applies in different ways To doctor, prison officials and medical staff, and prisons administrators.

In general, prison officials or medical staff act with deliberate indifference To an inmate's serious medical needs if They know of and disregard an excessive risk To The inmate's health.

please see, Hathaway v. Coughlin, 37 F.3d 63, 67 (2d Cir. 1994).

Plaintiff
By, James Lee Mckinnon
James Lee Mckinnon prose

A. Parties Continue

Proof with Exhaustion

Defendant Yvonne Colette.

4. Exhibit '1' Labeling from basis Soap and Petrolatum.

Exhibit '2' medical record That Show denying of Basis Soap.

Exhibit '3' medical record That Show denying of Petrolatum.

Exhibit '4' Clinical record dated July 2, 2003 from doctor James O'Halloran That Said a life time of medication's Petrolatum and Basis Soap.

Exhibit '5' I went To mental health with my complaint because it was like ants biting me.

Exhibit '6' is from my mental health doctor of The Correctional, a Director I sent Correspondence and he reported That doctor James O'Halloran ordered The petroleum and Soap on July 2, 2003,

Exhibit's Show denying it's not mark on The line.

Plaintiff has The department of Correction inmate grievance procedure That Shall be an exhaustion of administrative remedy's in The Complaint Level 'A' and 'B'.

Plaintiff
Byx James Lee McK___
James Lee McKinnon prose