Exhibit-1
Exhibit-2
Exhibit-3
Exhibit-4

Exhibit "15" James McKinnon



# Inmate Request Form
## Connecticut Department of Correction

CN 960﹒
Rev. 1/8/02

To see

**Inmate Name:** James McKinnon
**Inmate no.:** 100-770
**Facility:** Cheshire
**Housing unit:** North 3 '350
**Date:** 6-26-03

**Request:** Hannah you have not provided a response concerning my Legal medical mail was mishandled that's opened and taken out the envelope. Pamela Shea HSA suggest I contact you!. This was not authorized

(continue on back if necessary)

**Previous Action Taken**

(continue on back if necessary)

**Submitted to** **Date**

**Acted on by**

**Action Taken and/or Response:** This is the first request that I received regarding your "Health Grievance." I do recall that you received a "Health Grievance" via the inmate mail that was not in a envelope. The "Health Grievance" was forwarded to you in the way it was received. It was not forwarded to m an envelope. Please be advise

(continue on back if necessary)

**Response to Inmate Date:** 6-27-03
**Staff Member Signature:** Unit Manager H____

Your grievance is not "Legal mail", however is confidential. The medical department is respos for sending responces to inmates in the proper manner

Exhibit (2) James McKinnon



# Inmate Request Form
## Connecticut Department of Correction

CN 9602
Rev. 1/8/02

**Inmate Name:** James McKinnon
**Inmate no.:** 100770
**Facility:** Cheshire
**Housing unit:** north 3 '50
**Date:** 7-7-03

**Request:** To: James E. Dzurenda Warden Subject my Legal mail privilege that are in violation by my unit manager it was medical mail on 5-6-03, clinical papers confidental I receive from her office just folded up! it's log in unit book. now mail

(continue on back if necessary)

**Previous Action Taken**

(continue on back if necessary)

**Submitted to:** [signature]  **Date:** 7/7/03
**Acted on by:** [signature]

**Action Taken and/or Response:**
Mail is inspected (not read) for contraband unless it is clearly marked "Legal Mail" then it is opened in the presence of the inmate.

(continue on back if necessary)

**Response to Inmate Date:** 7/7/03
**Staff Member Signature:** [signature]

Warden Dzurenda



# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9601A
7-1-98

| Inmate name | JAMES McKINNON | Inmate no. | 100-770 |
|---|---|---|---|
| Facility | CHESHIRE | Housing unit NORTH .350 | Date 8-4-2003 |

☐ Line grievance  ☒ Line emergency  ☐ Health grievance  ☐ Health emergency

1. **Informal resolution.** Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

2. **Nature of grievance.** Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8-1/2-by-11-inch sheet of paper and attach it to this form.)

PRIVACY RIGHT WAS NOT PROTECTED I HAVE RIGHT OF PRIVACY CONCERNING HEALTH RELATED INFORMATION MY PRIVACY RIGHT WAS IN VIOLATION UNIT MANAGER HANNAH THE DAY OF 5-6-03. I RECEIVED NOT AUTHORIZE A RELEASE OF MY CLININCAL INFORMATION FROM MEDICAL. ALSO A GREVANCE WITH MY MEDICAL PRIVACY, THIS WAS JUST FOLDED UP FROM UNIT OFFICER NEGORN HE SAID IT CAME FROM UNIT MANAGER HANNAH OFFICE LIKE THAT, ALSO CONFIDENTIAL CLINICAL PAPERS OUT MY FILE THAT WAS IN VIOLATION.
C.C.

3. **Action requested.** Describe what action you want taken to remedy the grievance.

Inmate signature: *James Lu McKinnon*

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

### FOR OFFICIAL USE ONLY. LEVEL 1 REVIEW

| IGP no. 125-04-031 | T no. | |
|---|---|---|
| Date received 8/14/03 | Disposition DENIED | Date of disposition 8/14/03 |

Grievance issue: Confidentiality

Reasons: An inquiry was conducted at the facility level, which indicates that your allegations are unfounded.

Level-1 reviewer: [signature]

James McKinnon  100770  8-18-03

*[signature: Jam McK...]*

ATTach IGP no. 135 or 138

Grievance From is, 1, and 2, and 3.

medical mail was opened, besides that if I need clarification on this issue just the Sargent I cannot and should get through officer. also I have a timely appeal, appeal This on this issue I should have within 15 days of posted disposition.

This is see I.O.C. Admission Procedure,

# Inmate Grievance Form B, Levels 2 and 3
## Connecticut Department of Correction

CN 9601B
7-1-98

Exhibit "3"

| Inmate name | James McKinnon | Inmate no. | 100770 |
|---|---|---|---|
| Facility | Cheshire | Housing unit | north #350 | Date | 8-18-03 |

☐ Line grievance  ☒ Line emergency  ☐ Health grievance  ☐ Health emergency

| IGP no. | 125-04-031 | T no. | |

Use this form to appeal a Level-1 decision. Grievance Form A (for Level 1) and any attachments must accompany this form; no review will be undertaken if they do not accompany this form. Your appeal must be filed within 5 days of the Level-1 response; deposit it in the box for inmate grievances.

Appeal. I am appealing the Level-1 decision because I have investigated this on 8-19-03, I submitted a request to Health Services Administrator Pamea Shea to determine what point my records with grievence, was transported without an envelope her respone was your-

Inmate signature: James Lee McKinnon    Date: 8-18-03

### FOR OFFICIAL USE ONLY. LEVEL 2 REVIEW

| Date received | Disposition | Date of disposition |
|---|---|---|
| | 08/29/03  Denied | |

Reasons: You are appealing a level 1-grievance regarding confidentiality of the grievance procedure. A facility based investigation does not support your allegations of a breech in confidentiality as it applies to Administrative Directive 9.6 Inmate Administrative Remedies. Therefore, you grievance is denied.

Level-2 reviewer: [signature]

☐ This grievance may be appealed within 5 days to Level 3
☒ This grievance may not be appealed to Level 3 (see A.D. 9.6, Sect. 17)

Appeal. I am appealing the Level-2 decision because

Inmate signature:     Date:

Deposit your appeal in the box for inmate grievances.

### FOR OFFICIAL USE ONLY. LEVEL 3 REVIEW

| Date received | Disposition | Date of disposition |
|---|---|---|
| | | |

Reasons:

Level-3 reviewer:

See Doc Adm. Dir. 9.6(18)(E)
C.C. Brian X. Murphy, Commissioner

Exhibit 9  James McK



# STATE OF CONNECTICUT
## DEPARTMENT OF CORRECTION
24 WOLCOTT HILL ROAD
WETHERSFIELD, CONNECTICUT 06109

June 19, 2003

Cheshire CI
James McKinnon #100770
900 Highland Avenue
Cheshire, CT 06410

Dear Mr. McKinnon:

Your correspondence to Deputy Commissioner Murphy dated June 3, 2003 was referred to my office for review and response. The issue regarding your mail being opened was investigated with Major Farrell and Maurice Cooper, Nursing Supervisor. Mr. Cooper contacted Captain Santiago regarding the opening of mail from the medical department and has been reassured that such mail is not knowingly opened. Major Farrell added that no mail with a "confidential" sticker is opened unless it is in the presence of the inmate to whom it was addressed in a secluded area. The content of the written material of that mail would not be read even then. Your correspondence indicates that the confidential material you received was not in an envelope. The medical records unit would not send it in that manner and if the mail was sent in an envelope mistakenly without a "confidential" sticker and had been opened it would have been returned to you in an envelope stapled shut. The Department takes this issue of confidential mail seriously and follows procedures to protect you in that regard.

Sincerely,

Daniel Bannish, Psy.D.
Correctional Health Services Program Director

rm
cc:
Brian Murphy, Deputy Commissioner
Major Farrell, Cheshire CI
Inmate Health Record, Cheshire CI
file

*An Equal Opportunity Employer*

1. Defendant Pauline Husband is a citizen of United States whose address is Cheshire Correctional, 900 Highland Avenue Cheshire Connecticut, 06410

And who is employed as a infectious disease doctor nurse that scheduled oppointmets with doctor.

At the time the claim's alleged in this complaint arose was defendant acting under color of state law?, yes Plaintiff explains.

Plaintiff scheduled a doctor's oppointment that was 4-25-03, that doctor scheduled me to visit the infectious disease doctor James O'Halloran for 4-29-2003 for a bottom bunk pass.

The defendant delayed the oppointment over 90 days befor plaintiff opprtunitie was available,

Also plaintiff was suffering from medication need that expired and defendant failure to reorder the aspirin for headaches that's to stop side offect from medication fluconazole that also expired after.

2. ## Claims For Relief

Evidence of pain and humiliation, emotional distress, mental anguish I was move to segregation on 9-6-03 because I could not move on the top bunk, and without that scheduled doctor's oppointment to restrictve housing 14, day's, because my pass from garner was not good in cheshire, and defendant stop me from the help, and when it came on 10-1-03 he gave me back the bunk pass, after the mental humiliation and mental anguish.

Plaintiff
James McK[...]
James McKinnon

A. Parties Continue

Defendant Pauline Husband

Memorandum of Law in Support

of Summary Judgment 56 (E)

3. Prison officials show deliberate indifference to serious medical needs if prisoners are unable to make their medical problems known to the medical staff. please see;

Todaro v. Ward, 565 F.2d 48, 52 (2d Cir. 1977) quoting Bishop v. Stoneman, 508 F.2d 1224, 1226 (2d Cir. 1974) accord, Harris v. Thigpen, 941 F.2d 1495, 1505 (11Th Cir. 1991) DeGidio v. Pung, 920 F.2d 525, 529 (8Th Cir. 1990) (lack of adequate organization and control in the administration of health services supported finding of Eighth Amendment violation.

Sick call must be conducted in a fashion that permit prisoner's complaint to be evaluated in a professional manner. please see;

United States v. State of Michigan, 680 F.Supp. 928, 1043-45, 1061 (W.D.Mich 1987) decisions about medical priorities cannot be made from the inmate's written complaint without an examination, court later accepts a written complaints to be seen by a doctor within 24 hours).

Plaintiff
By: James Lee McKinnon
James Lee McKinnon pro se

A. Parties Continue

Proof with Exhaustion

Defendant Pauline Husband

4. Exhibit '1' Plaintiff has Clinical record of day 4-25-2004 I was with the doctor that Scheduled the next appointment, that's also dated. 4-29-2003 for next visit with doctor James O'Halloran the infectious disease doctor.

Exhibit '2' Disciplinary Report because I could not move on the Top Bunk and defendant stop my doctor's appointment 4-29, 2003, this came on 9-6-2003.

Exhibit '3' Plaintiff was move to Segregation because I could not move to Top bunk, Restrictive Housing Status Order.

Exhibit '4' Plaintiff has department of Correction inmate grievance that was sent from segregation to medical for help because of defendants violation's.

Exhibit '5' Plaintiff has department of Correction Emergency grievance from segregation to the warden for help, that said the doctor has not gave me the bottom bunk pass, defendant stop the appointment.

Plaintiff
James McK
James McKinnon

A. Parties Continue

## Defendant Pauline Husband

Exhibit "6" Plaintiff was out Segregation after 14, days Then was given a doctor's a oppointment and he gave me back my bottom bunk pass on 10-1-03.

Exhibit "7" Plaintiff went To the doctor with a request, To have for The court at This Time. also This is bottom bunk pass, From my infectious disease doctor James O'Halloran.

Plaintiff
*James McK*
James McKinnon