UNITED STATES DISTRICT COURT **FILED**

DISTRICT OF CONNECTICUT

2005 FEB 14  A 11: 25

U.S. DISTRICT COURT

| | | |
|---|---|---|
| JAMES MCKINNON, | : | |
| | : | PRISONER CASE NO. |
| Plaintiff, | : | 3:03-CV-944 (RNC) (DFM) |
| | : | |
| V. | : | |
| | : | |
| YVONNE COLETTE, ET AL.,[1] | : | |
| | : | |
| Defendants. | : | |

## RULINGS ON PLAINTIFF'S PENDING MOTIONS

## AND ORDER TO PLAINTIFF REGARDING DEFENDANTS' MOTION TO DISMISS

Plaintiff James McKinnon is a Connecticut inmate currently incarcerated at Corrigan Correctional Institution.  Defendants are Connecticut Department of Correction employees who work at Cheshire Correctional Institution, where plaintiff used to be incarcerated. Plaintiff has filed seven motions: two for preliminary injunction, four for summary judgment and one for a settlement conference. Defendants have filed a motion to dismiss the amended complaint, which plaintiff has yet to oppose.  For the reasons set forth below, plaintiff's motions are denied.  In addition, plaintiff is ordered to file a memorandum in opposition to the motion to dismiss.

---

[1]The defendants named in the amended complaint are Yvonne Colette, Pamela Shea, Ceryl Schwink, Pauline Husband, Nita Donavan, Jim Taylor and Amonda Hannah.  The complaint also mentions Cheshire Corrections Officers Negron and James, neither of whom has been served.  All defendants are sued in their individual capacities only.

I.   RULINGS ON PLAINTIFF'S MOTIONS

Motions for Injunctive Relief [Docs. 28 & 45]

Plaintiff's motions for injunctive relief are directed against persons who are not parties to this case -- he seeks an order enjoining staff at the University of Connecticut Health Care Center from releasing medical information without his written consent, and an order enjoining officials at Corrigan from hindering his efforts to provide copies of his motions to the defendants.  The Court does not have jurisdiction over these non-parties and thus cannot enjoin their actions.  See Weitzman v. Stein, 897 F.2d 653, 658-59 (2d Cir. 1990).[2]   Accordingly, his motions for injunctive relief must be denied.

Motions for Summary Judgment [Docs. 34, 44, 47, 48]

Plaintiff's motions for summary judgment are defective in that they fail to comply with Local Civil Rule 56.  This Rule requires that a motion for summary judgment be accompanied by "a document entitled 'Local Rule 56(a)1 Statement,' which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried."  D. Conn. Loc. R. Civ. P. 56(a)1.   In addition, "[e]ach statement of material fact in a Local Rule 56(a)1 Statement . . . must be followed by a citation to (1) the affidavit of a

---

[2]  Plaintiff alleges no facts suggesting that the defendants over whom the Court does have jurisdiction have released or threatened to release his medical information or denied him free copies of legal documents.

2

witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial." D. Conn. Loc. R. Civ. P. 56(a)3.  Because plaintiff has not filed a Local Rule 56(a)1 Statement with any of his motions for summary judgment, all of them must be denied without prejudice.

Motion for Settlement Conference [Doc. 36]

Plaintiff states that he believes an early settlement conference would be beneficial.  Defendants' counsel disagrees, presumably because defendants have filed a motion to dismiss the amended complaint, which remains pending [Doc. 46].  Accordingly, plaintiff's request for a settlement conference is denied without prejudice to renewal, if appropriate, after the Court rules on the motion to dismiss.

II.   ORDER TO PLAINTIFF REGARDING MOTION TO DISMISS

Plaintiff has yet to file a memorandum in opposition to the motion to dismiss the amended complaint [Doc. 46].  His only response to the motion to dismiss has been a statement noting that he has filed a motion for summary judgment and asking the Court to provide a copy of the motion to the defendants.  Plaintiff's motions for summary judgment cannot serve as a substitute for a memorandum in opposition to defendants' motion to dismiss because they do not address the arguments raised in defendants' motion.  Accordingly, plaintiff is hereby ordered to file and serve a memorandum addressing the arguments raised in the motion to dismiss on or before March 15, 2005.  The Court hereby notifies the pro se plaintiff that "failure

3

to submit a memorandum in opposition to [the] motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient cause to deny the motion."  D. Conn. Loc. R. Civ. P. 7(a).

III.  CONCLUSION

Accordingly, plaintiff's motions for injunctive relief [Docs. 28, 45] are denied; and his motions for summary judgment [Docs. 34, 44, 47, 48] and a settlement conference [Doc. 36] are denied without prejudice.  Plaintiff will file and serve a memorandum in opposition to the pending motion to dismiss on or before March 15, 2005.

So ordered at Hartford, Connecticut this 13th day of February, 2005.

Robert N. Chatigny
United States District Judge

4