Exhibit-1
Exhibit-2
Exhibit-3
Exhibit-4
Exhibit-5
Exhibit-6
Exhibit-7

53. of 75

HR925 REV. 12/95
CONNECTICUT DEPARTMENT OF CORRECTION
**PHYSICIAN'S ORDERS**

INMATE NUMBER: 100740
DATE OF BIRTH: 11/9
INMATE NAME (LAST, FIRST, INITIAL): McKinnon, James
SEX: (M) F
RACE/ETHNIC: (B) W H O
FACILITY: CCC(?)

INSTRUCTIONS FOR USE: Physicians must sign name and title under each order. Each order must be initialed in the space provided by the licensed nurse who transcribed the order. Medications will be dispensed according to brands stocked in pharmacy.

**DRUG ALLERGIES / HYPERSENSITIVITY** NKDA

| Date | Time | ORDER / RATIONALE | Nurse's Signature and Title |
|---|---|---|---|
| 3/31/03 | 7:30 pm | Discontinue Topamax Wellbutrin Clonidine per Inmates demand | |
| | | noted C.Brown RN 4/1/03 @ 8:30 AM | |
| 4/21/03 | 7:30 pm | Topamax 50 mg po BID / Wellbutrin 100 mg po BID / Clonidine 0.2 mg (0.2mg) po BID  x 35 days | |
| | | noted C.Osorio RN 4/21/03 @ 8:00 AM | |
| 4/24/03 | 9:12 AM | ID consult in next scheduled visit / noted A.Donovan 4/25/03 - 915A | |
| 5/9/03 | | MVI = po QAM x 1 yr. / T.O. Dr. O'Halloran | |

Exhibit

AUTHORIZATION IS HEREBY GIVEN TO DISPENSE THE MEDICATION EQUIVA(LENT) (UNDER THE D.O.C. FORMULARY SYSTEM) UNLESS THE PRODUCT DESCRIBED I(S)

54 of 75

# Disciplinary Report
## Connecticut Department of Correction

CN-9503
REV 7/3/02

Exhibit (2) James McKinnon

| | | |
|---|---|---|
| Unit: CCIC | Report date: 9-6-03 | Report no. |
| Inmate name: McKinnon, James | Inmate no. 100770 | Housing: NB350 |
| Location: NB3 | Incident date: 9-6-03 | Time: 8:30 ☒ a.m. ☐ p.m. |
| Charge: Interfering with Safety and Security | | Class: A |

**Description of violation:** I/m McKinnon #100770 was told that he had to move to the top bunk because another inmate was moving into NB350 who had a bottom bunk pass. When I/m McKinnon was told to move to the top bunk he became very irrate, screaming at this writer that he was not moving to the top bunk. I/m McKinnon's actions became increasingly hostile towards this writer, which caused this writer to take his focus off the unit which had recreation in progress with approximately 25 inmates out. I/m McKinnon was then sent to the Lt's office to speak with Lt. Donahue.

**Witness(es):** C/O Carney

**Physical evidence:** N/A

**Reporting employee:** D. Scully
**Title:** C/O
**Date:** 9-6-03   **Time:** 9:30 ☒ a.m. ☐ p.m.
**Employee requests copy:** ☒ yes ☐ no

### CUSTODY SUPERVISOR / UNIT MANAGER REVIEW

☒ Administrative detention
☐ Accused inmate interview
☐ Informal disposition

**Date:** 9-6-03   **Time:** 8:45 ☒ a.m. ☐ p.m.

**Custody supervisor / unit manager signature:** M. Donahue
**Title:** Lt.
**Date:** 9-6-03   **Time:** 10:00 ☒ a.m. ☐ p.m.

### INMATE NOTICE

**Delivered by:** R. Grady
**Title:** C/O
**Date:** 9-6-03   **Time:** 11:00 ☒ a.m. ☐ p.m.



# Restrictive Housing Unit Status Order
## Connecticut Department of Correction

CN 9401
Attachment C, Page 1
9-9-95

| Facility: Cheshire Correctional Institution |||||
|---|---|---|---|---|
| Inmate Name: McKinnon, James |||Inmate Number: 100770||
| Section 1: Status |||||
| Placement In Restrictive Housing Unit. (Check and Date the Appropriate Descriptions) |||||
| ___ Transfer Detention | Date: || ___ Administrative Segregation | Date: |
| X  Administrative Detention | Date: 9/06/03 || ___ Punitive Segregation | Date: |
| ___ Administrative Segregation Transition || Date: |||
| ___ Close Custody, chronic discipline || Date: |||
| ___ Close Custody, security risk group safety threat member ||| Date: ||
| Section 2: Reason For Placement |||||

The Inmate's/ my continued presence in the general population poses a serious threat to life, property, self, other inmates, and/or the security of the institution because:

On September 6, 2003 at 8:30 a.m., I/M McKinnon, James #100770 was placed in RHU for Interfering with Safety/Security. I/M McKinnon disrupted North Block-3 operations when he refused a bed move.

| Signature of Supervisor: Lt. Donahue || Date: 9/06/03 ||
|---|---|---|---|
| Inmate given copy of this form: Yes √ | Time: 10:30 a.m. || Date: 9/06/03 |

56 of 75

Exhibit (4) James McKinnon

SEP 11 2003 RECEIVED

# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9601/1 Rev. 10/07/02

| Inmate Name | James Lee McKinnon | Inmate no. 100 770 |

| Facility Cheshire | Housing unit Cell 21 Administrative Detention | Date 9-9-03 |

☐ Line grievance   ☐ Line emergency   ☐ Health grievance   ☒ Health emergency

1. **Informal resolution.** Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

2. **Nature of grievance.** Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8½ by 11 inch sheet of paper and attach it to this form.) Two sick call appointments and the doctor requested that I visit my Spical Doe v. meachum Clinicall diagnoses doctor mr James O'Halloran for a bottom bunk pass, nurse Pauline Husband for no reason repeated denial this regard, because of this I was move to Administrative Detention because I can't move to a top bunk and don't have a pass, July 4, 2003 me same doctor order a medical sock for me! 69 day's denial of care.

3. **Action requested.** Describe what action you want taken to remedy the grievance. I'd like to have protection in Doe v. meachum Spical appointments, also I need it recognized there is a denial of my medical from the head nurse Pauline Husband

Inmate signature: James Lee McKinnon

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

### FOR OFFICIAL USE ONLY – LEVEL 1 REVIEW

| IGP no. M125-285-03 | T no. |

| Date received 9/15/03 | Disposition Denied | Date of disposition 9/15/03 |

Grievance issue

Reasons: not a health emergency

Level 1 reviewer: SSchwink RN

Daniel Bannish, Psy.D.
Correctional Health Services Program Director
File

57 of 75

# Inmate Grievance Form A, Level
## Connecticut Department of Correction

CN 9601 A
Rev. 1/8/02

RECEIVED SEP 15 2003

Inmate Name: James L. McKinnon
Inmate no.: 100 770
Facility: Cheshire
Housing unit: Administrative Detention Cell-21
Date: 9-11-03

- [ ] Line grievance
- [ ] Line emergency
- [ ] Health grievance
- [X] Health emergency

1. Informal resolution. Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

2. Nature of grievance. Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8 ½ by 11 inch sheet of paper and attach it to this form.) Warden James E. Dzurenda also Health Administrator Pamela Shea was aware with a Emergency grievance also dated 9-10-03 subject I have went to segragation because I was with out my appointment I receive from the sick call doctor two time's for a bottom bunk pass from my Doe-meachum Doctor James-oi Hall oran. From this denial of access to medical attention.

3. Action requested. Describe what action you want taken to remedy the grievance. To make a failure to inquire into essential facts that are necessary Professional Judgment Failure to ask necessary questions or take a history! new hamshire. street spical doctor medical file 9-16-88. Concord NH

Inmate signature: James Lee McKinnon

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

### FOR OFFICIAL USE ONLY – LEVEL 1 REVIEW

IGP no.: M125-290-03
T no.:
Date received: 9-15-03
Disposition: denied
Date of disposition: 9-15-03

Grievance issue:

Reasons: Dr. Ruiz denied your request for a bottom bunk pass 8/29/03 "no medical indication"

Level 1 reviewer: SSchwinkRN

HR925 REV. 12/95
CONNECTICUT DEPARTMENT OF CORRECTION
**PHYSICIAN'S ORDERS**

INMATE NUMBER: 160770
DATE OF BIRTH: 11-9-61
INMATE NAME (LAST, FIRST, INITIAL): McKinnon James
SEX: (M) F
RACE/ETHNIC: (B) W H O
FACILITY: CCIC

**INSTRUCTIONS FOR USE:** Physicians must sign name and title under each order. Each order must be initialed in the space provided by the licensed nurse who transcribed the order. Medications will be dispensed according to brands stocked in pharmacy.

**DRUG ALLERGIES / HYPERSENSITIVITY**  NKA

| Date | Time | ORDER / RATIONALE | Nurse's Signature and Title |
|---|---|---|---|
| 10/1/03 | 6 PM | Bottom bunk pass x 1 year | |
| | | Restart Zerit 40 mg po q 5 AM and 5 PM x 3 month | |
| | | Viread 300mg 1 po qd c̄ food x 3 month | |
| | | 3TC 150 mg 1 po q 5 AM and 5 PM x 3 month | |
| | | Compression stocking medium rt leg placed | |
| | | Dental visit 10/8/03 per Dental | |
| | | LFT q 3 month | |
| | | alpha fetal protein q 6 month | |
| | | Keep meds on person | |
| | | 4pm snack x 3 months | |
| 10/2/03 | 8:40 | PT/PTT/CBC | |
| 10/6/03 | 6:00 pm | Wellbutrin 100 mg po BID | |
| | | Topamax 50 mg po BID | |
| | | Clonidine 0.2mg po BID x 35 days | |

AUTHORIZATION IS HEREBY GIVEN TO DISPENSE THE MEDICATION EQUIVALENT
(UNDER THE D.O.C. FORMULARY SYSTEM) UNLESS THE PRODUCT DESCRIBED IS CIRCLED.

59 of 075

Exhibit 73



| | | |
|---|---|---|
| **Inmate Request Form** | | CN 9602 |
| **Connecticut Department of Correction** | | Rev. 1/8/02 |

Inmate Name: James McKinnon    Inmate no. 100770
Facility: Cheshire    Housing unit: North 2-47    Date: 10-1-03

Request: Doctor James O'Hallorn I'd like to know the reason you can't conduct the same necessary professional medical care for me as in Garner Correctional, with my pleased's for a bottom bunk pass. You know I have a problem with my limb's.

(continue on back if necessary)

Previous Action Taken

CCI CHESHIRE
HEALTH SERVICES
900 HIGHLAND AVENUE
CHESHIRE, CT 06410

Temp Pass

#100770

Submitted to
Acted on by — McKinnon  10/1/03
Action Taken: Bottom Bunk Pass — [signature] RN

(continue on back if necessary)

Response to Inmate Date
Staff Member Signature

10/1/03 Bottom bunk pass
ordered  James O'Hallorn, DO    6 of 75

1. Defendant nita Donavan is a citizen of United States whose address is cheshire Correctional, 900 Highland Avenue cheshire Connecticut, 06410

And who is employed as a nurse in medical.

At The Time The claims alleged in This complaint arose was This defendant acting under color of State Law? yes Plaintiff explains.

Defendant nita Donavan came without my medication July 18, 2003, The same afternoon I was frighten That's my disorder, and I was scard of getting depressed,

That afternoon I Then ask officer mr. Silva To phone medical for a Supervisor and it was expressed by Defendant nita Donavan That ms. Pamela Shea was not working This day.

Also I address medical with a written request 30 day's before I was depressed for a appointment and not a Thing.

2. <ins>Claims for Relief</ins>

I have a depressed process That came without my medication, I suffered emotional distress from The absence of proper procedures, I am nominal with my medical procedures.

Plaintiff
By x James Lee McKinnon
James Lee McKinnon

61 of 75

# Memorandum of Law in Support of Summary Judgment 56(E)

3. Denial of adequate care for serious mental health needs may constitute deliberate indifference. please see: Smith v. Jenkins 919 F.2d 90, 92-93 (8th Cir. 1990) Langley v. Coughlin, 888 F.2d 252 254 (2d Cir. 1989)

Many prison mental health care cases focus on the lack of adequate and qualified staff. please see: Casey v. Lewis, 834 F. Supp at 1548-49, Tillery v. Owens 719 F. Supp. at 1302-03 (gross staffing deficiencies and lack of mental health training of nurses suppored finding of deliberate indifference)

Inmates of Occoquan v. Barry, 717 F. Supp. at 868 woefully short" mental health staff supported a finding of unconstitutionality) Langley v. Coughlin 715 F. Supp. at 540 (use of untrained or unqualified personnel with inadequate supervision by psychiatrist supported constitutional claims)

Plaintiff
By: /s/ James McK
James McKinnon

/s/ Jam McK

62 of 75

## Memorandum of Law in Support of Summary Judgment 56(E)

4. Many prison mental health care cases focus on the lack of adequate and qualified staff, please see;

Greason V. Kemp, 891 F.2d at 837-40 prison clinic director, prison system mental health director, and prison warden could be found deliberately indifferent based on their knowing toleration of a clearly inadequate mental health staff).

Plaintiff
By: *James McK*
James McKinnon prose

*/s/ James McK*

63 of 25

A. Parties Continue

Proof with Exhaustion
<u>Defendant Nita Donavan</u>

5. Exhibit '1' Plaintiff has the department of Correction inmate grievance Level 'A' Level 'B' procedure that shall be an exhaustion of administrative remedys in the complaint.

Exhibit '2' Plaintiff has Clinical record of date July 17, 2003 medication expiring from defendant Jim Taylor also Nita Donavan.

Exhibit '3' Plaintiff has Clinical record of date July 23, medication order.

Exhibit '4' Plaintiff has correspondence from mental health doctor that said nurse defendant Nita Donovan said medication was now order, that expiried.

Plaintiff
By× James McK——
James McKinnon

*[signature]*

64 of 75