# United States District Court
# District of Connecticut

FILED
2006 JAN -9 P 4: 32
U.S. DISTRICT COURT

| | |
|---|---|
| James McKinnon<br>Plaintiff<br><br>V.<br><br>Yvonne Colette, ETAL<br>Defendant | Civil, NO, 3:03CV944<br>(RNC) (DFM)<br><br>January 5, 2006<br><br>Individual Capacity) |

Plaintiff Motion with Memorandum of Law in Support For Court to Enforce this Settlement Agreement that has not been Collected Money).

1. I James McKinnon Plaintiff prose moves this court with respect to contend that material facts are Exhibits because the moving party is entitled to this Agreement as a matter of Law.

2. Plaintiff has also attach a copy of the Settlement agreement to this motion that has not been paid for months.

Plaintiff
By x/s/ James McK_____
James McKinnon prose

3. Plaintiff has complain to defendants in writing out of good faith concerning trouble collecting money judgment or Agreement;

4. Evidence that defendants are acting in bad faith and do not intend to pay the agreement.

5. Plaintiff also request court to enforce interest on this agreement starting from the date the agreement was entered. November 22, 2005.

Plaintiff
By x James McKin
James McKinnon prose

## Memorandum of Law In Support of Motion

If there is an indemnification law or insurance agreement that requires a third party to pay a judgment you have obtained against a defendants, you may be able to enforce it in federal court. Please see,

Argento V. Village of Melrose Park, 838 F.2d 1483 (7th Cir. 1988) the court in its discretion may direct otherwise by utilizing other state law procedures. Laborers Pension Fund V. Dirty Work Unlimited Inc. 919 F.2d 491, 494 (7th Cir. 1990)

Plaintiff
By x Jam McK
James McKinnon prose

RICHARD BLUMENTHAL
ATTORNEY GENERAL



MacKenzie Hall
110 Sherman Street
Hartford, CT 06105-2294

Exhibit Jan McK

Office of The Attorney General
## State of Connecticut

### TELEFAX COMMUNICATION

| | |
|---|---|
| Date: | December 8, 2005 |
| To: | Counselor Jones |
| Telefax #: | (860) 848-5877 |
| Number of Pages: (including this page) | 3 |
| From: | Lynn D. Wittenbrink, AAG |
| Telephone #: | (860) 808-5450 |
| Telefax #: | (860) 808-5591 |
| Information faxed by: | Benita Wilson |

**COMMENTS:** _____

_____

_____

_____

_____

*NOTICE: This telecopy transmission and any accompanying documents may contain confidential or privileged information. They are intended only for use by the individual or entity named on this transmission sheet. If you are not the intended recipient, you are not authorized to disclose, copy, distribute or use in any manner the contents of this information. If you have received this transmission in error, please notify us by telephone immediately so that we can arrange retrieval of the faxed documents.*

3 of 10

Exhibit James McKi...

# RELEASE

KNOW ALL TO WHOM THESE PRESENTS SHALL COME OR MAY CONCERN, that James McKinnon, does on behalf of himself, his successors and assigns, for and in consideration of the sum of $2000.00 plus any outstanding court fees in the cases listed below, all paid by the State of Connecticut, herewith releases and forever discharges, the State of Connecticut, Department of Correction, Jose Delgado, Helen Dorsey, Bruono, Frank, Aqil Hashim, Kozikowski, John Lahda, Sandi Orleman, Thankappan, Yolanda Zayas, Saundra Leek, Todd Bogdanoff, Thomas Hunt, Ramsey, Reill, Morales, Danielle Carrigan, Yvonne Collette, Pamela Shea, Ceryl Schwink, Pauline Husband, Nita Donavan, Jim Taylor, Hannah, Burke, Cordero, Michael T. Carter, Wayne James, Iris Prescott, Linda Mesenger any and all defendants designated by the plaintiff as Jane or John Doe, all in their individual and official capacities, and all other present or former officers, agents and employees of the State of Connecticut, named as defendants in any lawsuit brought by James McKinnon or not, and all in their individual and official capacities, and the State of Connecticut itself, from all actions, causes of actions, suits, claims, controversies, damages and demands of every nature and name, in law or in equity, including attorneys' fees and costs, which James McKinnon, his successors and assigns, ever had, now has or hereafter can, shall or may have, including but not limited to the following matter:

McKinnon v. Delgado, Et Al., Docket No. 3:03CV71(JBA)
McKinnon v. Leek, Et Al., Docket No. 3:02CV2068(CFD)
McKinnon v. Lahda, Et Al., Docket No. 3:02CV2306(WWE)
McKinnon v. Yvonne Colette, Et Al., Docket No. 3:03CV944(RNC)
McKinnon v. James, Et Al., Docket No. 05-2595
McKinnon v. Mesenger, Et Al., Docket No. 05-1584
McKinnon v. State of Connecticut, File No. 20538

By: James Lee McKinnon

KIMBERLY DALY
NOTARY PUBLIC
MY COMMISSION EXPIRES 8/13/2006

4 OF 10

6 of 10

Exhibit 1 Jam McK

```
MIME-Version:1.0
From:CMECF@ctd.uscourts.gov
To:CMECF@ctd.uscourts.gov
Bcc:CMECF_DFM@ctd.uscourts.gov,CMECF_RNC@ctd.uscourts.gov,henri.alexandre@po.state.c
Message-Id:<667695@ctd.uscourts.gov>
Subject:Activity in Case 3:03-cv-00944-RNC McKinnon v. Yvonne, et al "Order"
```

Content-Type: text/html

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court

District of Connecticut

Notice of Electronic Filing

The following transaction was received from Wood, R. entered on 9/26/2005 at 4:34 PM EDT and filed on 9/26/2005

**Case Name:**   McKinnon v. Yvonne, et al
**Case Number:** 3:03-cv-944
**Filer:**
**Document Number:** 66

**Docket Text:**
NOTICE OF E-FILED ORDER: THIS IS THE ONLY NOTICE THE COURT WILL ISSUE. The case is scheduled for a settlement conference with the undersigned on November 30, 2005 at 2:00 p.m. at her chambers at 450 Main Street, Room 262, Hartford, Connecticut. COUNSEL ARE DIRECTED TO THE ATTACHED ORDER FOR FURTHER INSTRUCTIONS. ATTY. H. ALEXANDRE WILL HAVE THE PLAINTIFF AVAILABLE ON THE VIDEO CONFERENCE SYSTEM AND ALL OTHER PARTIES WILL MEET IN CHAMBERS. Signed by Judge Donna F. Martinez on 9/26/05. (Wood, R.)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1034868047 [Date=9/26/2005] [FileNumber=667693-0]
[622ae8c1f78a2663fb8fe1e04e81d8ab5a466177237465dcab7c21b9573e62832928
30b30f224e8a073003a52a5710d3488664dcea7030c06f9bc8f69a800c4d]]

**3:03-cv-944 Notice will be electronically mailed to:**

Henri Alexandre    henri.alexandre@po.state.ct.us,

Kathleen Anne Keating    kathleen.keating@po.state.ct.us,

**3:03-cv-944 Notice will be delivered by other means to:**

James McKinnon
Inmate 100770
Corrigan Radgowski Correctional Center
986 Norwich New London Turnpike
Uncasville, CT 06382

Exhibit Jan McK

## CALENDAR AND SETTLEMENT CONFERENCE ORDER

I. <u>PARTIES WITH FULL AUTHORITY MUST ATTEND</u>. The parties are hereby ORDERED to be present at the conference. If a party is a legal entity, not an individual, a representative of the party who is <u>fully authorized to decide all matters</u> pertaining to the case shall be present at the conference. The court will not hold a settlement conference without all parties present. A party may not participate by phone without express, advance approval by the court. In cases where a party requires authority from an insurer to settle the case, the party shall ensure that an insurance company representative with full authority to settle the case is present at the conference. For a plaintiff, "full authority" means final authority to dismiss the case with prejudice, and to accept in settlement an amount or terms down to the defendant's last offer. For a defendant, "full authority" means final authority to commit a defendant to pay, in the representative's own discretion, a settlement amount up to the plaintiff's prayer or the plaintiff's last demand, whichever is lower. The purpose of this requirement is to have in attendance a person with both the authority and independence to settle the case during the settlement conference without consulting anyone not present. The requirement that parties personally appear is intended to increase the efficiency and effectiveness of the settlement conference. Failure of a party <u>with full authority to settle the case</u> to attend the conference may result in the imposition of sanctions.

Exhibit *Jan McK*

II. <u>EXCHANGE OF OFFERS AND DEMANDS</u>. Settlement conferences are often unproductive unless the parties have exchanged offers and demands before the conference and made a serious effort to settle the case on their own. Therefore, **not less than 14 days before the conference**, the plaintiff's counsel shall serve a settlement demand upon counsel for the defendant. The demand shall be accompanied by the plaintiff's analysis of damages. If the defendant disagrees with the plaintiff's calculation of damages, the defendant's counsel shall respond to the plaintiff's analysis not later than 7 working days before the conference. The defendant is encouraged to make a settlement offer prior to the settlement conference.

III. <u>CONFERENCE MEMORANDA</u>. Not later than five (5) working days prior to the conference counsel shall submit to the chambers of the undersigned an <u>ex parte</u>, confidential conference memorandum. The memorandum shall be double spaced in no less than 12 point font and shall not exceed 15 pages. It shall include the following: (A) a list of the claims and defenses; (B) the legal elements of the claims and defenses; (C) the evidence in support of the claims and defenses; (D) a damages analysis; (E) a discussion of the strengths and weaknesses of the case; (F) the status of the case, including the discovery remaining and substantive motions filed or contemplated; and (G) settlement negotiations to date. The plaintiff's counsel shall attach a copy of the complaint to the plaintiff's <u>ex parte</u> memorandum.

Exhibit *[handwritten signature]*

IV. <u>REQUESTS PERTAINING TO THE CONFERENCE</u>. Any requests pertaining to the conference shall be made to the chambers of the undersigned in writing, or by telephone confirmed in writing, no later than 10 days from the date of this order. Any counsel requesting continuances, which will be considered only for good cause shown, shall consult with all opposing counsel before making the request and, in the event of a continuance, shall notify all parties of the new date and time.

## Certification

I hereby Certify that the foregoing was mailed to the defendants Attorney of Record this 5th Day of January 2006

Defendants    Individual    Capacity

Yvonne Colette, ETAL
Pamela Shea
Cheryl Schwink
Pauline Husband
Amanda Hannah
Nita    Donavan
Jim    Taylor

Henri Alexandre
Kathleen Keating
Lynn Wittenbrink
Assistant Attorney General
110, Sherman Street
Hartford Connecticut
       06105

Plaintiff
Byx James McKi_
James McKinnon prose
Corrigan Correctional
986, Norwich NewLondon
Uncasville CT, 06382

Exhibit *Jam mcK*

IN WITNESS WHEREOF, James McKinnon, does hereby set his hand this 12-9-05 day of December, 2005.

_____
James McKinnon

Subscribed and sworn to, before me, this 9th day of December, 2005.

_____
Commissioner of the Superior Court
Notary Public
My Commission Expires: _____

KIMBERLY DALY
NOTARY PUBLIC
MY COMMISSION EXPIRES 8/13/2006

5 of 10